UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MARIE BARNEY                                                          CIVIL ACTION

VERSUS                                                                NO. 04-2715

EXXON MOBIL OIL CORPORATION                                           SECTION "T"(5)
d/b/a GAUSE ROAD EXXON SERVICE
STATION AND EXXON MOBIL
RISK MANAGEMENT, INC.


Before the Court is a Motion for Summary Judgment [Doc. 13] filed on behalf of Defendants, Exxon Mobil Corporation and Exxon Risk Management, Inc.  This matter was submitted for the Court's consideration, without oral argument, on March 29, 2006.  The Court, having reviewed the arguments of counsel, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I.    BACKGROUND**

On August 23, 2003, Mrs. Barney, the Plaintiff, and Mr. Barney, the Plaintiff's husband, drove to an Exxon Mobil gas station located at 1675 Gause Boulevard in Slidell, Louisiana.  Mr. Barney parked his vehicle with the driver's side next to one of the gas pump islands.  He exited his vehicle on the driver's side and began pumping gas into the vehicle.

1

Mrs. Barney exited the vehicle on the passenger side and walked into the convenience store to pay for the gas. When Mrs. Barney returned to the vehicle to obtain more money from her husband, she walked around to the driver's side of the vehicle and stepped up onto the gas pump island, which was raised about 6 inches off the ground. After obtaining the money from Mr. Barney, the Plaintiff took one to two steps before she allegedly tripped on a gap between the concrete and the metal edge of the gas pump island. The gap between the concrete and the surrounding metal edge was approximately one-quarter of an inch. There was no elevation change or difference in the height of the concrete and the surrounding metal edge.

## II.    LAW ON SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56©), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## III. DEFENDANTS' ARGUMENTS

Under both Louisiana Revised Statute 9:2800.6[1] and Louisiana Civil Code Article 2317.1,[2] the Plaintiff must prove that the crack on the gas pump island was unreasonably dangerous. In their Motion for Summary Judgment, the Defendants contend that the Plaintiff cannot prove that the crack was "unreasonably dangerous," and thus, this Motion should be

---

[1]   § 2800.6 Burden of Proof in Claims Against Merchants. Section B states: In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action...(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.... La. R.S. 9:2800.6 (B)(1).

[2]   Article 2317.1 Damages caused by ruin, vice, or defect in things. The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. Civ. Code Art. 2317.1. See Mayeux v. Marmac Acquisition, L.L.C., 04-1315 (La. App. 5 Cir. 3/29/05), 900 So.2d 976, 979 (requiring a Plaintiff to prove that the condition created an unreasonable risk of harm in an action based on Article 2317.1).

granted.

In her deposition, the Plaintiff testified that the crack was only about "one-quarter of an inch" wide and that it was "so small" and "so narrow." She also testified that there was no elevation change between the edge of the concrete and the metal lip.

Louisiana courts have recognized that it is common to have irregular surfaces of streets, sidewalks and parking lots.  Therefore, there is no duty to eliminate all variations in elevation and defects or to make these surfaces smooth because "such a requirement would be impossible to meet."  <u>Reitzell v. Pecanland Mall Associates, Ltd.</u>, 37,524 (La. App. 2 Cir. 8/20/03), 852 So.2d 1229; <u>Reed v. WalMart Stores, Inc.</u>, 97-1174 (La. 3/4/98); 708 So.2d 362.  In <u>Reed</u>, the Louisiana Supreme Court specifically found that a height variance of "one-quarter to one half inch" did not present an "unreasonable risk of harm" and was "entirely reasonable."  <u>Id</u>. at 366.

Therefore, the Defendants argue that the Plaintiff cannot, as a matter of law, prove that the one-quarter inch gap between the metal lip and the concrete gas pump island creates an unreasonable risk of harm because this gap was a negligible, reasonable defect in the property. The Defendants, thus, conclude that this Motion should be granted because Plaintiff cannot prove one of the essential elements of her claim.

**IV.    PLAINTIFF'S ARGUMENTS**

The Plaintiff contends that Defendants' argument is based on distinguishable case law dealing with "large expanses," such as parking lots, with minor variations in elevation, which have been not deemed unreasonably dangerous because the cost of repair outweighs the risk of harm.  The Plaintiff argues that, when determining whether a defect creates an unreasonable risk,

the Court should review the facts of each case individually.  Reitzell v. Pecanland Mall Associates, Ltd., 37,524 (La. App. 2nd Cir. 8/20/03), 852 So.2d 1229.  Thus, "[t]he trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others.  Id.

Additionally, the Plaintiff argues that the one-quarter inch gap in the island is not presumptively reasonable merely because the Louisiana Supreme Court found that a one-quarter inch height variance in a parking lot was not unreasonably dangerous in Reed, since a gasoline pump island is different from a flat surface.  Finally, the Plaintiff argues a gasoline pump island is more analogous to a step, than a parking lot, because it is an elevated platform and not a flat surface.  Thus, because the gap was on a step, "any projection or separation, or lip formed by such a separation would create a tripping hazard and an unreasonably dangerous circumstance that can cause injury or harm...."

The Plaintiff argues that "she had to step up onto the pump island in order to reach the money that her husband...was giving her...."  The Plaintiff claims that when she turned to go back into the store, her shoe got stuck in the crack between the concrete and the metal rim causing her to fall.  The Plaintiff testified, in her deposition, that she was not looking down and did not see the crack because she was being "extremely careful and on the lookout for cars driving up to the pump to get gas."  Therefore, the Plaintiff is contending that because the gap was on a step, and not a flat surface, and because she was naturally detracted by watching for cars at the busy gas station, the defect in the gas pump island was unreasonably dangerous.

**V.     COURT'S ANALYSIS**

In order to determine whether the defect in the gas pump island presents an unreasonable risk of harm, the Court must consider the undisputed facts and balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair.  Reed, 708 So.2d at 365 (citing Boyle v. Board of Supervisors, Louisiana State University, 96-1158 (La. 1/14/97), 685 So.2d 1080, 1083.

In the Plaintiff's own deposition, she testified that the gap between the concrete island and the metal lip was small and narrow and only one-quarter of inch wide.  She also testified that there was no height variation between the concrete and the metal.  Further, Plaintiff testified that she did not see the gap because she was watching for vehicles driving into the gas station and not looking where she was walking.

While this Court agrees that gasoline pump island is different than a parking lot, the Court also recognizes that these islands are less heavily trafficked than a parking lot or sidewalk.[3] Customers and pedestrians are less likely to step up and  walk on these elevated platforms and are more likely to walk around them and remain on the level surface surrounding them.  Additionally, it is not necessary for a customer to step up onto the islands in order to put gas into their vehicles, so these islands have only slight and even questionable social utility. Therefore, the gravity and risk of harm is relatively low because these islands are minimally trafficked and because the gap was only a quarter of inch wide with no elevation change.

Further, though the cost of repair may be low for this specific gap, an owner would not

---

[3]  The Court also notes that in dealing with a negligible gap or crack of one-quarter of an inch, the case law dealing with parking lots and other flat surfaces is applicable.

likely repair such a minimal defect because it does not present an apparent risk of harm, nor is such a small defect reasonably noticeable to put the owner on notice of the defect.  Also, as noted in <u>Reed</u>, "one cannot expect paved surfaces of streets, sidewalks, and parking lots to be free of all deviations and defects."  <u>Reed</u>, 708 So.2d at 365.   Even though the Plaintiff argues that this language only extends to the flat surfaces listed, this Court finds those surfaces are analogous to a flat, elevated concrete pump island.  Thus, an owner does not have a duty to repair every slight defect on these islands and a quarter of inch defect is considered a reasonable defect.

Therefore, this Court has determined that there is no genuine issue of fact for trial. Further, because a quarter of inch gap is reasonable, under the balancing test and Louisiana jurisprudence, the Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment, filed on behalf of the Defendants, Exxon Mobil Corporation and Exxon Risk Management, Inc**.,** be and the same is hereby **GRANTED.**

New Orleans, Louisiana, this 17th day of April, 2006.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**