UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARIE BARNEY                                              CIVIL ACTION

VERSUS                                                    NO. 04-2715

EXXON MOBIL OIL CORP. ET AL.                              SECTION F

ORDER AND REASONS

Before the Court is the plaintiff's Motion for New Trial.  For the reasons that follow, the plaintiff's motion is DENIED.

**Background**

On August 23, 2003, Mrs. Barney, the Plaintiff, and Mr. Barney, the Plaintiff's husband, drove to an Exxon Mobil gas station located at 1675 Gause Boulevard in Slidell, Louisiana.  Mr. Barney parked his vehicle with the driver's side next to one of the gas pump islands.  He exited his vehicle on the driver's side and began pumping gas into the vehicle.

Mrs. Barney exited the vehicle on the passenger side and walked into the convenience store to pay for the gas.  When Mrs. Barney returned to the vehicle to obtain more money from her husband, she walked around to the driver's side of the vehicle and stepped up onto the gas pump island, which was raised about 6 inches off the ground.  After obtaining the money from Mr. Barney, the Plaintiff took one to two steps before she allegedly tripped on a gap between the concrete and the metal edge of the gas pump

1

island.  The separation between the concrete and the surrounding metal edge was approximately one-quarter of an inch.  There was no elevation change or difference in the height of the concrete and the surrounding metal edge.

The Plaintiff filed suit against Exxon Mobil Oil Corporation on August 20, 2004 in the 22nd Judicial District Court for the Parish of St. Tammany.  The Defendant, then, removed this action to federal court on September 20, 2004.  On February 13, 2006, the Defendant filed a Motion for Summary Judgment.  The Motion was set for hearing, without oral argument, on March 8, 2006.  On April 17, 2006, Judge Porteous issued an Order and Reasons granting the Defendant's Motion and a Judgment dismissing the Plaintiff's claims with prejudice.  The Plaintiff, then, filed this Motion for a New Trial.  Judge Porteous is not presently on active status and is not presiding over his docket.

I.

First of all, the issue raised in the Motion for Summary Judgment was whether the Plaintiff had failed to present evidence that the separation on the edge of the gas pump island create an unreasonable risk of harm.  As previously stated in the Court's Order and Reasons granting Defendant's Motion for Summary Judgment, under both Louisiana Revised Statute 9:2800.6[1] and Louisiana Civil

---

[1] § 2800.6 Burden of Proof in Claims Against Merchants. Section B states: In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for

2

Code Article 2317.1,[2] the Plaintiff must prove that the separation on the gas pump island created an unreasonable risk of harm. Therefore, because the Court found that the Plaintiff had failed to present any evidence of this essential element of her claim, the Defendant's Motion for Summary Judgment was granted pursuant to Rule 56 of the Federal Rule of Civil Procedure.

II.

The Plaintiff argues that the Court misapplied the holding of the Louisiana Supreme Court in Reed v. Wal-mart Stores, Inc. The Court finds that this claim is without merit. On page 6 of the Order and Reasons, the Court sets forth the long established rule that to determine whether a defect creates an unreasonable risk of harm, the Court must balance the gravity and risk of harm against

---

damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action...(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.... La. R.S. 9:2800.6 (B)(1).

[2] Article 2317.1 Damages caused by ruin, vice, or defect in things. The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. Civ. Code Art. 2317.1.  See Mayeux v. Marmac Acquisition, L.L.C., 04-1315 (La. App. 5 Cir. 3/29/05), 900 So.2d 976, 979 (requiring a Plaintiff to prove that the condition created an unreasonable risk of harm in an action based on Article 2317.1).

3

the individual and societal right and obligations, the social utility, and the cost and feasibility of repair.  In setting forth this rule, the Court cites to the Reed decision, as well as Boyle v. Board of Supervisors, Louisiana State University, another Louisiana Supreme Court decision.  Reed, 708 So.2d 362; 96-1158 (La. 1/14/97), 685 So. 2d 1080, 1083.  Additionally, the Court recognized that there is a distinction between a gasoline pump island and a flat surface, such as the parking lot in the Reed decision.  Finally, while this distinction is recognized, the Court also notes that there are similarities between these surfaces when dealing with negligible gaps, height variations, or cracks of one quarter of an inch.

Further, the Plaintiff objects to the use of the Reed decision in the Court's analysis because of a factual distinction between the instant case and the Reed case.  However, the Court applied the balancing test, set forth in Reed, and numerous other Louisiana decisions, to determine whether the separation created an unreasonable risk of harm.  The Court utilized the analysis in the Reed decision in reaching its conclusion, but at no point did the Court consider these cases to be factually indistinguishable.  Therefore, the Court does not find that it misapplied the holding of the Reed decision.

As noted above and as detailed on page 6 of the Order and Reasons, the Court recognized and articulated the distinction

between a gas pump island and flat surfaces, such as parking lots and sidewalks. The Court found that because a gas pump island is less heavily trafficked than these flat surfaces, the gravity and risk of harm is relatively low.

### III.

The Plaintiff also premises her Motion for a New Trial on the Court's alleged failure to consider her expert affidavit. Under Federal Rule of Civil Procedure 26(a)(2) and the Scheduling Order, the Plaintiff was required to deliver expert witness reports for testifying experts to the Defendant by February 2, 2006. The Plaintiff failed to make these expert disclosures pursuant to Rule 26(a)(2)(B). Under Federal Rule of Civil Procedure 37(c), if a party fails to disclose information required by Rule 26(a), without substantial justification, that party may not be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not disclosed.[3] Therefore, because the of Plaintiff's failure to properly and timely make expert disclosures to the Defendant, the Court is not bound to consider this affidavit.

The expert affidavit states that the separation on the gas

---

[3] Because the Court concluded that the Plaintiff's expert affidavit failed to establish an issue of material fact, the Court did not expressly address the Defendant's contention that the expert report was untimely disclosed. The expert disclosure deadline was February 2, 2006 and this affidavit was not disclosed to the Defendant until April 3, 2006, when the Plaintiff attached it as an exhibit to her Opposition to the Motion for Summary Judgment.

5

pump island is a "tripping hazard," "which poses a danger," and "makes the step or stair created by the island unreasonably dangerous and harmful."  Further, the expert report states that this separation "generally violated most engineering and building standards, and in particular, the Life Safety Code of the National Fire Protection Association, Section 7.2.2.3.3.2."

The Court did not conclude, nor is the Court suggesting, that this defect in the gas pump island does not create any danger or hazard to pedestrians or customers.  However, the fact that a defect creates some conceivable risk of harm or has caused harm does not make necessarily establish that the defect creates an unreasonable risk of harm.  Therefore, the Court concluded that this one quarter inch separation does not create an unreasonable risk of harm and the assertions of the Plaintiff's expert are not enough to raise an issue of material fact  sufficient to preclude this Court from granting Defendant's Motion for Summary Judgment.

To determine whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair.  Reed, 708 So.2d at 365 (citing Boyle v. Board of Supervisors, Louisiana State University, 96-1158 (La. 1/14/97), 685 So.2d 1080, 1083.   In applying the social utility test, the Court should consider the undisputed facts and arguments of counsel with the assistance of

expert reports and the jurisprudence.  In its April 17, 2006 decision, the Court relied on the undisputed facts that the separation between the metal edge and the concrete was only approximately one quarter of an inch wide and there was no height variation between the concrete and the metal edge.  In her deposition, the Plaintiff testified to these undisputed facts and has failed to produce any evidence that contradicts them.  The Court applied these facts to the balancing test to reach the conclusion that the separation did not create an unreasonable risk of harm.

While the Plaintiff's expert affidavit concludes that separation on the gas pump island "makes the step or stair created by the island unreasonably dangerous and harmful," the party opposing summary judgment must come forward with specific facts showing that there is a genuine issue for trial.  Lechuga v. Southern Pacific Transportation Co., 949 F.2d 790, 798 (5th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence and are insufficient to raise a genuine issue to defeat summary judgment.  Lechuga, 949 F.2d at 798; Forsyth v. Barr, 19 F.2d 1527, 1533 (5th Cir. 1994) (citing Krim v. Banc Texas Group Inc., 989 F.2d 1435, 1449 (5th Cir. 1993)).  Therefore, the expert's conclusions that the separation is a "tripping hazard"

that "poses a danger" was not enough to prevent the Court from granting the Motion for Summary Judgment.

IV.

In her Motion for a New Trial, the Plaintiff also notes that the Court failed to take judicial notice of the "standards" established by the National Fire Protection Association's Life Safety Code Handbook relating to stairs and landing surfaces. The Plaintiff references Section 7.2.23.3.2, which states that "[s]tair treads and landings shall be free of projections or lips that could trip stair users." In the Plaintiff's Opposition to the Motion for Summary Judgment, the Plaintiff failed to demonstrate that these "standards" apply to a gas pump island. Further, there is no definition of a "stair" or a "landing" in the attached provisions of this Handbook. However, for certain provisions to be applicable a "stair" must serve as a "required means of egress."[4] As the Court noted, it is not necessary for a customer to step up on to a gas pump island and these islands are not heavily trafficked. Therefore, the Court did not take judicial notice of these "standards" because the Plaintiff failed to show that they are applicable in this case. Further, the Plaintiff's expert stated that the defect on the gas pump island "violated most engineering and building standards, and in particular, the Life Safety Code."

---

[4] *See* Life Safety Code Handbook, Section 7.2.2.3.1.1

However, the expert failed to show that any standards are actually applicable to this gas pump island.

Accordingly, because the Plaintiff has failed to show that any of the grounds for granting a new trial exist in this case, the plaintiff's motion for new trial is DENIED.

New Orleans, Louisiana, June 14, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE